UNITED STATES DISTRICT COURT
EASTERN DIVISION OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THE HYDE MUHLER CORPORATION ) | |
| ) | |
| vs. ) | Civil Action No. 3:04-cv-64 |
| ) | |
| JOE NATHAN WARD ) | |
| ) | |
| BASKETBALL MINISTRY, INC. ) | |
| ) | |
| BASKETBALL MINISTRIES ) | |
|     INTERNATIONAL, INC. ) | |

**MEMORANDUM IN SUPPORT OF JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT**

---

Comes the plaintiff, by and through counsel, having moved for judgment on the pleadings and/or for summary judgment, and supplies the following memorandum in support.

The Federal Rules of Civil Procedure, Rule 12, states:

> **(c) Motion for Judgment on the Pleadings.** After the pleadings are closed but within such time as not to delay the trial, *any* party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. (emphasis added)

The only matter outside the pleadings is the waiver by the plaintiff of interest.

**Rule 56. Summary Judgment,** states:

lee.cmp

**(a) For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

"Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). "In deciding upon a motion for summary judgment, [the court] must view the factual evidence and draw all reasonable inferences in favor of the non-moving party." Nat'l Enters., Inc. v. Smith, 114 F.3d 561, 563 (6th Cir.1997). "[The court must] examine the grant of summary judgment to determine 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " C.T. Massey v. Exxon Corp., 942 F.2d 340, 342 (6th Cir.1991) (quoting Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1310 (6th Cir.1989)).

In this case, the pleadings themselves establish liability. The defendant admits the loan and its amount. The defendants' only contention is interest, what rate is appropriate, and whether the plaintiff made demand upon the defendant in the manner that plaintiff described in the complaint.

The interest is resolved in the defendants' favor by waiver of interest by the plaintiff.

The issue of whether a demand has been made and in what form is now moot as the plaintiff has sued upon the loan or note.

Plaintiff waives oral argument, as argument is not needed and will only delay the matter.

lee.cmp

Respectfully submitted this 26th day of May, 2004.

                                        LAW OFFICE OF J.D. LEE

                                      s/ _____
                                      David C. Lee, BPR# 015217
                                      Attorney for Plaintiffs
                                      422 South Gay Street, Suite 301
                                      Knoxville, Tennessee 37902
                                      Telephone:  (865) 544-0101

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2004, a copy of the foregoing Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

This _____ day of _____, 2004.

                                        LAW OFFICE OF J.D. LEE

                                        _____

lee.cmp