IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THE HYDE MUHLER CORPORATION, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JOE NATHAN WARD, )<br>BASKETBALL MINISTRY, INC., )<br>BASKETBALL MINISTRIES )<br>INTERNATIONAL, INC., )<br>    Defendants. ) | 3:04-cv-64<br><br>(Phillips) |

## MEMORANDUM AND ORDER

On December 22, 2004, plaintiff moved this court to issue sanctions against defendant Joe Ward (Ward) for his refusal to attend a properly noticed deposition [ECF # 23]. After defendant admitted that he was liable to plaintiff, the court gave Ward additional time to settle the matter without entering a judgment [ECF # 30]. However, by May 24, 2005, plaintiff informed the court that it appeared Ward had failed to honor his representations to the court. After a thorough review of the record, the court granted plaintiff's summary judgment motion [*See* ECF # 16] and entered judgment in favor of the plaintiff in the amount of $250,000.00 [ECF # 32]. The pending motion for sanctions was held in abeyance until such time as plaintiff could depose Ward. When plaintiff was unsuccessful in its attempts to depose Ward, plaintiff moved the court to enter an order requiring defendant to appear and show cause why he should not be held in contempt for failure to obey a deposition subpoena [ECF # 34]. Plaintiff also requested that the

court direct the United States Marshal's Service to take Ward into custody for the purpose of appearing to give his deposition. While the court denied the motion for a show cause order, the Marshal's Service was directed to effect personal service on Ward of the court's order and a subpoena to appear on October 7, 2005, at the courthouse to give his deposition.

Plaintiff has now advised the court that the deposition of Ward has been taken and plaintiff is proceeding with the collection of the judgment [ECF # 41]. Accordingly, the court finds that this action should be **ADMINISTRATIVELY CLOSED** for statistical purposes. **This does not represent a final adjudication but is an administrative convenience for the court.** Nothing contained in this order shall be considered a dismissal or disposition of this matter. Should any additional proceedings in this case become necessary or desirable, the parties may initiate such in the same manner as if this order had not been entered.

    **IT IS SO ORDERED.**

                                           **ENTER:**

                                           **s/Thomas W. Phillips**
                                           **UNITED STATES DISTRICT JUDGE**